# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Ronald B. Cooper, as the Personal Representative of the Estate of Bret Michael Cooper, and Grant Cooper, <br><br> Plaintiffs, <br><br> v. <br><br> Massachusetts Mutual Life Insurance Company and HFF Wealth Management, LLC d/b/a HF Financial, <br><br> Defendants. | C/A No.: 2:14-cv-04642-RMG <br><br><br><br> **COMPLAINT** <br><br> **(JURY TRIAL DEMANDED)** |

COMES NOW Plaintiffs Ronald B. Cooper, as the Personal Representative of the Estate of Bret Michael Cooper, and Grant Cooper stating their Complaint against Defendants Massachusetts Mutual Life Insurance Company and HFF Wealth Management, LLC d/b/a HF Financial as follows:

## PARTIES

1. Plaintiff Grant Cooper ("Grant") is a resident and citizen of Charleston County, South Carolina. Grant is the brother of Bret Michael Cooper ("Bret").

2. Plaintiff Ronald B. Cooper (the "PR") is the personal representative of the Estate of Bret Michael Cooper (Case No. 2014-ES-10-01137), opened and pending in the Probate Court for Charleston County, South Carolina. The PR is also Bret's father.

3. Defendant Massachusetts Mutual Life Insurance Company ("MM Life") is a foreign corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Springfield, Massachusetts. MM Life is registered with the South Carolina Department of Insurance to do business in the State of

1

South Carolina.

4. Defendant HFF Wealth Management, LLC d/b/a HF Financial ("HF") is a foreign limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business located in Charlotte, North Carolina. Upon information and belief, HF is neither registered with the South Carolina Secretary of State nor the South Carolina Department of Insurance.

## JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, as there exists complete diversity between the Plaintiffs and the Defendants and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. Venue is proper in the United States District Court for the District of South Carolina and the Charleston Division pursuant to 28 U.S.C. § 1391(b)(2) and Local Civil Rule 3.01 (D.S.C.), respectively, because a substantial part of the events or omissions giving rise to the claims herein occurred in Charleston County, South Carolina, and one or more of the Defendants do business relating to the events or omissions alleged in Charleston County, South Carolina.

## FACTUAL ALLEGATIONS

7. In early June of 2014, twenty-four year old Bret purchased a life insurance policy with MM Life through Neil Huey ("Huey"), a financial advisor with HF (the "Policy").

8. At a meeting at Bret's home in May, Huey advised Bret to obtain the Policy, explained the application process, and provided Bret with copies of various Policy materials. Huey also delivered Bret a three-ring binder of specific Policy documents and related materials. *See* **Policy Materials attached hereto as <u>Exhibit A</u> and incorporated herein by reference.**

9. After the meeting at Bret's house, Huey sent Bret a follow up e-mail on May 12, 2014 to thank Bret and to advise him on the next steps in the life insurance application process. ***See*** **E-Mail Correspondence dated May 12, 2014 attached hereto as <u>Exhibit B</u> and incorporated herein by reference**.

10. On June 3, 2014, Huey sent Bret an e-mail with the subject line "One Last Form," advising there was only one more form to fill out to finalize the life insurance application and begin the underwriting process. Bret completed this "One Last Form" and all other paperwork provided by Huey, set up a future automatic payment for the Policy, and was told by Huey that the Policy paperwork would be sent to MM Life for final underwriting and that all the necessary prerequisites for coverage were in place. ***See*** **E-Mail Correspondence dated June 3, 2014 attached hereto as <u>Exhibit C</u> and incorporated herein by reference**.

11. During this time period, Bret also set up a ROTH IRA with MML Investors Services, LLC ("MML Investors") through Huey and HF. Bret received an e-mail confirming the "Roth IRA is now active." ***See*** **E-Mail Correspondence dated June 9, 2014 attached hereto as <u>Exhibit D</u> and incorporated herein by reference**.

12. On or about June 6, 2014, Bret received a letter from MML Investors requesting that he review his personal information on file and make any changes necessary. The letter addresses Bret as "Valued Customer" and is stamped "Client Confirmation." This letter also provided a phone number for "Your Financial Professional," namely (704) 557-9600, which is HF's office phone number in Charlotte, North Carolina. ***See*** **Client Confirmation Letter attached hereto as <u>Exhibit E</u> and incorporated herein by reference.**

13. Bret died in a tragic motor vehicle accident in Charleston County on June 26, 2014.

3

14. A payment on the Policy in the amount of Two Thousand Five Hundred Dollars and 00/100 ($2,500.00) was automatically debited from Bret's bank account on July 2, 2014. This amount was subsequently credited to Bret's account on September 2, 2014. ***See* Bank Statement attached hereto as Exhibit F and incorporated herein by reference.**

15. Upon learning about the Policy and the IRA, the PR contacted Huey and HF to gather more information. One individual with HF, a Mr. Pulaski, stated he could not find anything regarding Bret. However, Huey ultimately confirmed the following:

   a. Bret had completed all of the necessary application paperwork for the Policy;

   b. Bret designated Grant as the beneficiary of the Policy;

   c. HF processed the initial payment of Two Thousand Five Hundred Dollars and 00/100 ($2,500.00) for the Policy;

   d. The Policy has a One Million Three Hundred Thousand Dollar and 00/100 ($1,300,000.00) death benefit;

   e. The paperwork had been transmitted to the MM Life underwriters; and

   f. Even if the underwriting was not completed, death benefits in the amount of One Million Dollars and 00/100 ($1,000,000.00) were available and designed to handle situations like this.

16. Huey, in his dealings with Bret prior to his death, acted as either the apparent or actual agent of MM Life pursuant to S.C. Code Ann. § 38-43-10, *Poston v. National Fidelity Life Ins. Co.*, 303 S.C. 182, 399 S.E.2d 770 (1990), *Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 468 S.E.2d 292 (1996), and other authorities.

17. Counsel for Plaintiffs has made repeated demands on the Defendants for basic information about the Policy and the transactions at issue in this case. ***See* Information Request Letter attached hereto as Exhibit G and incorporated herein by reference.** The Defendants, however, have failed to provide any of these requested materials, which should be immediately

and readily available in a timely manner. This has frustrated the work of the PR and caused a variety of problems with administering the Estate.

18. Despite proper demand, the Defendants have failed to honor the Plaintiffs' demand for death benefits under the Policy or otherwise. In fact, the Defendants refunded the aforementioned premium after learning of Bret's death in what appears to be an effort to shirk its responsibilities to Plaintiffs.

19. The PR has standing to bring this action under S.C. Code Ann. § 62-3-715(20) and other relevant authorities.

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

20. Plaintiffs repeat and reallage all of the allegations contained in the previous paragraphs as if they were repeated verbatim herein.

21. This case presents an actual case and controversy subject to this Court's jurisdiction.

22. Plaintiffs seek an order and declaration from this Court, in addition to the other claims for relief herein, as to the rights and other legal relations of the parties hereto under the life insurance policy at issue in this case.

### FOR A SECOND CAUSE OF ACTION
### AS TO MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
**(Breach of Contract – Life Insurance Policy)**

23. Plaintiffs repeat and reallage all of the allegations contained in the previous paragraphs as if they were repeated verbatim herein.

24. Bret made an offer to purchase life insurance by filling out and signing each and every one of the application materials provided by Huey and HF (MM Life's agents), including the automatic draft authorization forms allowing the Defendants to charge Bret's bank account

for policy premiums, which it ultimately did.

25. Huey and HF (MM Life's agents) made promises that the applications materials were complete, would immediately be sent to MM Life for underwriting and final processing, and that everything was in place to bind coverage.

26. Prior to Bret's death, he was never notified by any of the Defendants that his application had been denied or that any additional materials needed to be submitted.

27. The Client Confirmation Letter, identified above, demonstrates that Bret was in the Defendants' system and was considered a "Valued Customer."

28. Payment for the life insurance policy was made and accepted by the Defendants, evidencing an intention to accept Bret's offer to purchase life insurance.

29. Given the foregoing, a meeting of the minds between Bret and MM Life existed with respect to the Policy, thus making the Policy a binding and enforceable contract between Bret and MM Life. Moreover, based on the representations of Huey, Bret was justified in assuming that he had protection under the Policy.

30. Despite the foregoing facts and circumstances, MM Life breached the Policy by failing to pay Plaintiffs the appropriate death benefits after learning of Bret's passing.

31. Plaintiffs have been damaged as a result of this breach.

32. Plaintiffs respectfully request this Court award actual, special, consequential, punitive, and all other damages and relief allowed by law including, but not limited to, attorney's fees and costs pursuant to S.C. Code Ann. § 38-59-40. Plaintiffs also request the Court award pre-judgment interest.

## FOR A THIRD CAUSE OF ACTION
## AS TO MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
### (Breach of Contract Accompanied by a Fraudulent Act)

33.     Plaintiffs repeat and reallage all of the allegations contained in the previous paragraphs as if they were repeated verbatim herein.

34.     MM Life breached the Policy, a binding and enforceable contract, by failing to pay death benefits to Plaintiffs.

35.     MM Life demonstrated fraudulent intent by failing to pay these death benefits based on the facts and circumstances set forth above.

36.     MM Life engaged in discrete, fraudulent acts including, but not limited to, refunding the initial Policy premium of Two Thousand Five Hundred Dollars ($2,500.00) paid by Bret after learning of his death in an attempt to back out of its contract with Bret, denying the existence of the Policy despite clear evidence to the contrary, and failing to provide Plaintiffs with information regarding this transaction on demand.

37.     The above fraudulent acts demonstrate MM Life's intention to shirk its contractual responsibilities to Bret and the Plaintiffs.

38.     Plaintiffs respectfully request this Court award actual, special, consequential, punitive, and all other damages and relief allowed by law including, but not limited to, attorney's fees and costs pursuant to S.C. Code Ann. § 38-59-40.  Plaintiffs also request the Court award pre-judgment interest.

## FOR A FOURTH CAUSE OF ACTION
## AS TO ALL DEFENDANTS
### (Insurance Bad Faith)

39.     Plaintiffs repeat and reallage all of the allegations contained in the previous paragraphs as if they were repeated verbatim herein.

7

40. In South Carolina, an insurer and its agents owe the insured a common law duty of "good faith" in, among other things, processing applications and claims.

41. Despite the presence of a valid and binding life insurance policy, as set forth above, MML Life has in bad faith failed to properly process Bret's application and/or unreasonably refused to pay the death benefits under the Policy despite proper demand by Plaintiffs.

42. HF also exhibited bad faith and unreasonable conduct, binding its principal MML Life, by failing to properly submit Bret's application to MM Life, failing to respond to Plaintiffs' requests for information on the transaction at issue in this case, submitting the Plaintiffs to unjust delay intended to frustrate and conceal the obvious mishandling of this matter, and otherwise.

43. Defendants have otherwise committed one or more "improper claim practices" as defined by S.C. Code Ann. § 38-59-20 or engaged in one or more unfair methods of competition or unfair or deceptive acts or practices as defined by S.C. Code Ann. § 38-57-10 *et seq*.

44. The aforementioned breaches of the duty of good faith have proximately harmed the Plaintiffs, who have yet to receive the death benefits due under the Policy.

45. Plaintiffs respectfully request this Court award actual, special, consequential, punitive, and all other damages and relief allowed by law including, but not limited to, attorney's fees and costs pursuant to S.C. Code Ann. § 38-59-40.

**FOR A FIFTH CAUSE OF ACTION
AS TO ALL DEFENDANTS**
(Negligence, Negligent Misrepresentation, Negligent Supervision)

46. Plaintiffs repeat and reallage all of the allegations contained in the previous paragraphs as if they were repeated verbatim herein.

47. Huey and HF owed Bret a duty of care to make truthful and accurate

representations and recommendations about the Policy and coverage, to obtain from Bret all of the necessary paperwork needed to apply for coverage, to submit this paperwork to MM Life in a manner consistent with industry standards, and to provide Plaintiffs with information concerning this transaction in a timely and responsive manner.

48. The obligation to advise created by agents, such as Huey and HF, acting within the scope of their actual or apparent authority, becomes the duty and obligation of the principal MM Life.

49. Huey and HF's statement that all necessary prerequisites for coverage were in place (application, automatic draft, and submission) appear to have turned out to be false.

50. Huey and HF had pecuniary interests in making such representations to Bret.

51. Bret reasonably relied on the aforementioned representations.

52. MM Life also owed Bret a duty of care in processing the application and binding coverage according to company and industry standards when it accepted payment for the Policy.

53. Defendants also had a duty to properly supervise and train its agents and financial advisers on the importance of making truthful and accurate statements about coverage and how to properly submit applications for coverage since failures in these areas could reasonably be expected to harm third-parties. Moreover, to the extent Defendants identified or should have identified problems in the transaction, they had a duty to inform the customer as soon as possible to dispel his mistaken belief about coverage binding.

54. Defendants have otherwise committed one or more "improper claim practices" as defined by S.C. Code Ann. § 38-59-20 or engaged in one or more unfair methods of competition or unfair or deceptive acts or practices as defined by S.C. Code Ann. § 38-57-10 *et seq*.

55. The aforementioned duties were breached as a result of coverage not actually

binding, despite Bret submitting what he was told was a complete application and him setting up an auto-draft for premium payments that the Defendants ultimately accepted.

56. These breaches proximately damaged the Plaintiffs, who have yet to receive the death benefits as promised by the Defendants. Plaintiffs respectfully request this Court award actual, special, consequential, punitive, and all other damages and relief allowed by law including, but not limited to, attorney's fees and costs pursuant to S.C. Code Ann. § 38-59-40.

WHEREFORE, the Plaintiffs prays to this Honorable Court that it an issue an Order (A) declaring the life insurance policy at issue in this case to be a valid, binding contract between Bret Michael Cooper and Massachusetts Mutual Life Insurance Company and (B) granting judgment against Defendants Massachusetts Mutual Life Insurance Company and HFF Wealth Management, LLC, jointly and severally, in an amount to be determined at the trial of this case, plus pre-judgment interest, attorney's fees and costs, and all such further damages as the Court deems reasonable and just.

Respectfully submitted,

**McCULLOUGH KHAN, LLC**

s/Clayton B. McCullough
Clayton B. McCullough, Fed. Bar #7120
Ross A. Appel, Fed. Bar # 11434
359 King Street, Suite 200
Charleston, SC 29401
(843) 937-0400
(843) 937-0706 (fax)
clay@mklawsc.com

December 8, 2014
Charleston, SC